UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dontairs Anderson,<br>        Plaintiff,<br><br>                v.<br><br>Landmark Construction Company, Inc.,<br>        Defendant. | CASE NO.: 2:25-cv-832-BHH-MGB<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

    a.  A charge of employment discrimination on basis of race discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

3. The Plaintiff, Dontairs Anderson, at all relevant times herein, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Landmark Construction Company, Inc., upon information and belief, is a domestic corporation organized and operating in the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

1

## STATEMENT OF FACTS

10. On or about June 2, 2023, the Plaintiff (African American) began working at the Defendant company as a driver. The Plaintiff was efficient and effective in his work.

11. During the Plaintiff's employment with the Defendant, the Defendant began to harass and discriminate against the Plaintiff.

12. Beginning in September 2023, Plaintiff was forced to take the driving routes that were the furthest away, while similarly situated Caucasian co-workers did not. Plaintiff's supervisor, Dick Crowe, would also yell and curse at Plaintiff daily, and would even make up stuff to yell at Plaintiff for, but would not his Caucasian co-workers.

13. On or about February 1, 2024, one of Plaintiff's Caucasian co-workers put a fake snake on the Plaintiff's truck. The Plaintiff did not realize it was fake, and when he attempted to enter his truck the snake scared him, which caused him to stumble and injure himself.

14. The Plaintiff reported his injury to Mr. Crowe, initiating a workers' compensation claim. The Plaintiff was sent to the company approved medical provider for evaluation and treatment. The Plaintiff also reported this incident of harassment and racial discrimination to Human Resources, but nothing was done.

15. On or about February 19, 2024, the Defendant retaliated against the Plaintiff for reporting the acts and initiating a workers' compensation claim by terminating the Plaintiff's employment.

16. Despite his reporting the inappropriate behavior, the Defendant did not take appropriate action to resolve the problems.

17. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Racial Discrimination: Title VII

18. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

19. The Plaintiff is a member of a protected group on the basis of his race. The Plaintiff was retaliated against and terminated based on his race and color in violation of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

20. The Defendant's stated reasons for preferential treatment, retaliation, and wrongful discharge were mere pretext, for the discrimination against the Plaintiff based on his race or color.

21. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ the Plaintiff due to his race or color;

   b. By treating other non-black employees with preferential treatment; and

   c. In failing to protect the Plaintiff from racial discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. The Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, preferential treatment, and retaliation to exist in the workplace.

23. The Defendant's wrongful actions constituted a violation of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

24. The aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

25. The Plaintiff's race and color were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff.

26. As a direct and proximate result of the Defendant's discrimination on the basis of race or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

27. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

28. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

**FOR A SECOND CAUSE OF ACTION**
**Retaliation 41-1-80**

29. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

30. Plaintiff's treatment, in fact, was retaliatory in nature for Plaintiff's instituting, or causing to be instituted, a workers' compensation claim, and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

31. The Plaintiff's institution, or causing to be instituted, of a worker's compensation claim was a substantial factor in the Defendant terminating him.

32. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

33. Because of such wrongful and retaliatory treatment by Defendant, its agents and employees, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

34. Due to the acts of Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

35. Due to the acts of Defendant, its agents and/or employees, Plaintiff is entitled to an equivalent amount of pay that he was regularly getting before his injuries through, back wages and bonuses from the date of his retaliation to the present date, front pay for wages, wages he will lose in the future, and past and future benefits.

## **REQUEST FOR RELIEF**

36. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

37. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

38. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. # 13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
February 13, 2025

5